

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 21, 2004

Catherine Byrne, Esq.
Federal Defender's Office
408 Atlantic Avenue
Suite 328
Boston, MA 02210

    Re:  United States v. Christopher Alviti
           Criminal No. 04-CR-10248-RCL

Dear Ms. Byrne:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendant under Rule 16 (a)(1)(A)

    a.    Written Statements

    There are no relevant written statements of the defendant Christopher Alviti in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    Recorded Statements

      The government is unaware of any recorded statements made by the defendant Christopher Alviti before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

    c.    Grand Jury Testimony of the Defendant

    The defendant Christopher Alviti did not testify before a

grand jury in relation to this case.

    d.   <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant Christopher Alviti before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial. Enclosed are two DEA Reports summarizing the oral statements made by defendant Christopher Alviti during proffer interviews conducted at the United States Attorney's Office.

2.   <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

If you are in need of a copy of the defendant's criminal record, please notify the undersigned and one will be mailed to you immediately.

3.   <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.   <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the DEA 7 Reports pertaining to the OxyContin purchased or recovered during this investigation. There presently are no additional reports of physical or mental examinations or scientific tests or experiments made in connection with this case in the possession of the undersigned. All additional reports of examinations and tests covered under Rule 16 (a)(1)(D) received by the undersigned will be forwarded to the defense as soon as they become available to the undersigned.

B.   <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Defendant Alviti's Beverly residence was searched pursuant to a federal search warrant. A copy of the search warrant application, affidavit, and search warrant are enclosed. Defendant Gould's South Boston apartment was searched pursuant to Defendant Gould's consent. A copy of the signed consent form is enclosed. Defendant Gould's former Malden apartment was searched

pursuant to the consent of the apartment's owner.  A copy of the consent form is enclosed.  Alviti and Gould and their respective vehicles were searched incident to their arrest.  A description of the searched are contained in the enclosed DEA Reports of Investigation.

C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Wire communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance.  On May 21, 2004, the Honorable William G. Young, Chief, United States District Judge for the United States District Court for the District of Massachusetts entered an order authorizing the interception of wire communications occurring over telephone number (978) 423-9380 for a period of thirty days.  On May 26, 2004, the Court signed an Amended Order for the same telephone number.

The government intends to offer communications of the defendant intercepted pursuant to this order as evidence in its case-in-chief.

The following documents pertaining to the court-authorized electronic surveillance will be provided to the defense as soon as the government receives a protective order from the Court: 1.) Application for Authorization to Intercept Communications; 2.) Affidavit of Richard Sylvia; 3.) Order; 4.) Service Provider Order; 5.) Government's Motion to Amend Order; 6.) Amended Order; 7.) Government's Motion to Seal; and 8.) Order Sealing Recordings.  The government anticipates it will receive the protective order from the Court by Monday, October 25, 2004.

Recordings of the intercepted calls have been placed on the discs and will be provided to the defense at the same time as the above-listed documents.

D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)

Consensual audio recordings were made of telephone conversations and in-person conversations involving the defendants Alviti and Gould.  These recordings will be sent by Friday, October 22, 2004, to the Duplicating Center located at 42 Chauncey Street, Suite 3A, Boston, Massachusetts 02111.  You may obtain a copy of any or all of the tapes at your expense by contacting the copy center.  A copy will also be kept at the Office of the United States Attorney in Boston.  Please contact the undersigned if you wish to listen to the copy of the tapes

kept at the Office of the United States Attorney.  Video made during the investigation of this case will also be available at the Duplicating Center.

E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

F.    Identifications under Local Rule 116.1(C)(1)(f)

Photos of defendants Alviti and Gould were obtained from the Massachusetts Department of Motor Vehicles.  These photos were shown to various law enforcement officials during the course of the investigation.  I have no additional information indicating that defendant Alviti was the subject of any other investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that another such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.    The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.    No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4.    The government is unaware that any of its named case-in-chief witnesses have any criminal record.

5.   The government is unaware that any of its named case-in-chief witnesses have a criminal case pending.

H.   Other Matters

In an attempt to resolve this case in an expeditious manner, the government has enclosed numerous DEA Reports of Investigation (DEA 6s); DEA Reports of Drug Property Collected, Purchased or Seized (DEA 7s), DEA Acquisition of Non-Drug Property and Regulatory Seizures (DEA 7as); and other law enforcement reports. These materials are bate stamped 1 through 227.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed are set forth in the indictment in this case, a copy of which is enclosed.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3392 if you have any questions.

>                    Very truly yours,
>
>                    MICHAEL J. SULLIVAN
>                    United States Attorney
>
> By:  _____
>
>                    DAVID G. TOBIN
>                    Assistant U.S. Attorney

enclosures

cc:   LISA ROLAND
      Clerk to the Honorable CHARLES B. SWARTWOOD
      w/o enclosures