UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 04-CR-10248-RCL |
| ) | |
| CHRISTOPHER ALVITI et al. ) | |

## MOTION FOR PROTECTIVE ORDER

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney David G. Tobin, hereby moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for a protective order. As grounds for this motion, the government states as follows:

A.  Background

1.  On May 21, 2004, Honorable William G. Young of the United States District Court for the District of Massachusetts issued an Order authorizing the interception of communications on a wireless telephone responding to the number (978) 423-9380, bearing Urban Fleet Mobile Identifier ("UFMI") number 180*21920*2 and International Mobile Subscriber Identity ("IMSI") number 316010015508083 and subscribed in the name of Chris King, 5 Trask Court, Apt. 24, Beverly, Massachusetts. On May 26, 2004, Honorable William G. Young issued an Amended Order addressing scrivener's errors.

2. Wire communications to and from the Target Telephone were intercepted pursuant to the above-referenced wiretap orders.

B. <u>Request for Protective Order</u>

3. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6, the government requests that this Court issue the attached protective order to ensure that the materials disclosed to defense counsel will be used solely for the limited purpose of enabling each defendant to prepare a defense and will not be further disclosed or disseminated. The reasons for the government's request are as follows.

4. **Further disclosure or dissemination of the wiretap materials would jeopardize an ongoing investigation.** This investigation is ongoing. Many of the individuals named or referenced in the intercept order, the related application and affidavit, the intercepted conversations, and the preliminary transcripts ("line sheets") have not been arrested and continue to be targets or subjects of federal and/or state investigation. Further disclosure or dissemination of the wiretap materials could jeopardize the ongoing investigation by, among other things, leading subjects and targets of the investigations to change phones, go into hiding, or flee.

5. **Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of cooperating individuals.** Some of the wiretap materials contain references to cooperating individuals who assisted in the investigation.

Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of those cooperating individuals by potentially revealing their true identities to individuals who might wish to harm them.

6. **Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of non-defendants.** One important purpose of the stringent secrecy and sealing requirements contained in the federal wiretap statute, 18 U.S.C. §§ 2510-2522, is to maximize the privacy of individuals mentioned in wiretap documents and/or intercepted pursuant to a wiretap order. Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of those individuals and therefore defeat one of the statute's most important purposes.

WHEREFORE, the government respectfully requests that the Court issue the attached proposed protective order for the reasons stated herein.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By: /s/ David G. Tobin
    DAVID G. TOBIN
    Assistant U.S. Attorney

Dated: October 22, 2004

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for a Protective Order will be served by hand or first class mail on all counsel of record in this matter once they are appointed or retained.

/s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**  )<br>)<br>v.                                                              )<br>)<br>**CHRISTOPHER ALVITI et al.**              )<br>_____) | Crim. No. 04-CR-10248-RCL |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "wiretap materials" means all applications, supporting documents (including affidavits), and orders made or issued in connection with court-authorized electronic surveillance; all recordings, written summaries, preliminary transcripts (or "linesheets") and final transcripts made pursuant to those orders; and the "contents" of the above-enumerated items as that term is defined in 18 U.S.C. § 2510(8). The term "contents" includes, but is not limited to, any transcripts, summaries, extracts, or verbatim accounts contained in any transcripts, memoranda, or affidavits prepared by any party or other person in connection with this case.

2. Except as provided below, defendants and their respective counsel of record shall make no disclosure of wiretap materials to any other person.

3. Consistent with the terms of this Order, wiretap

materials may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's partners, associates, paralegals, and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a recording or its contents to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

4. Counsel of record for the defense shall not make any disclosure as provided in paragraph 3 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read

the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

5.   Upon the termination of these proceedings, all wiretap materials shall be returned forthwith to the United States or to the Court absent further Court order to the contrary.

6.   A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

_____
CHARLES B. SWARTWOOD III
UNITED STATES MAGISTRATE JUDGE

Dated: _____

**PROTECTIVE ORDER**

<u>Christopher Alviti et al.</u>,
Criminal No. 04-CR-10248-RCL

_____          _____
DAVID G. TOBIN                     Date
Assistant U.S. Attorney


_____          _____
Catherine K. Byrne                 Date


_____          _____
Scott P. Lopez                     Date